UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK
CIVIL DIVISION

JOSEPH A. CHIOFALO, }
ON BEHALF OF HIMSELF AND }
ALL OTHERS SIMILIARLY SITUATED, }
}
               Plaintiff, }   Civil Action, File No.
   v }   2:19-cv-01914-JMA-AYS
}
MRS BPO, L.L.C., }
}
               Defendant. }

**COMPLAINT**

**DEMAND FOR TRIAL BY JURY**

Plaintiff, Joseph Chiofalo [hereinafter "Chiofalo"] on behalf of himself and all others similarly situated, by and through his attorney, Mitchell L. Pashkin, Esq., complains of Defendant, MRS BPO, L.L.C. ("MRS"), and alleges as follows:

1. This court has jurisdiction of this case pursuant to 15 U.S.C. § 1692k(d), 28 USCS § 1331, and/or pursuant to 28 USCS § 1332 (d)(2)(A).

2. Venue in this district is proper based on MRS' regular transaction of business within this district. Venue in this district also is proper based on MRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency" in New York City which includes this district. MRS also derives substantial revenue from services rendered in this district. The aforementioned transaction of business and services includes but is not limited to the collection of debt from consumers who reside in this district.

3. Venue in this district also is proper in light of the occurrences which form the basis for this

Complaint having occurred in whole or in part in this district.

4. Plaintiff demands a trial by jury pursuant to FRCP 38 (b).

5. Chiofalo is a natural person who resides at 8 Highview Avenue, Selden, NY 11784.

6. Chiofalo is a "consumer" as defined by 15 U.S.C. § 1692(a)(3) of the FDCPA.

7. On or about November 5, 2017, MRS sent Chiofalo the letter annexed as Exhibit A. Chiofalo received and read Exhibit A. For the reasons set forth below, Chiofalo's receipt and reading of Exhibit A deprived Chiofalo of his rights to not be subject to abusive, deceptive, or misleading debt collection practices.

8. Per statements and references in Exhibit A, MRS sent Exhibit A to Chiofalo in an attempt to collect a past due debt.

9. The past due debt set forth in Exhibit A was based on Plaintiff, as an individual, being issued a credit card by Chase Bank USA N.A. for his individual use, individually incurring charges by using the credit card primarily for personal, family or household purposes, and then, as an individual, failing to pay for these charges. Chase Bank USA N.A. is an entity which issues credit cards exclusively to consumers for their personal non-business use. MRS, via Exhibit A, attempted to collect this past due debt from Chiofalo in his individual capacity; and Exhibit A did not refer to any kind of business associated with the account. Based on the above, the past due debt at issue arose out of a transaction used primarily for personal, family or household purposes, and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5).

10. MRS is a New Jersey Limited Liability Corporation and a New York Foreign Limited Liability Corporation located in Cherry Hill, NJ.

11. Per § 20-490 of the New York City Administrative Code, any business that seeks to collect

personal or household debts from New York City residents must have a Debt Collection Agency License from the New York City Department of Consumer Affairs. MRS possesses a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency".

12. Based upon Exhibit A and upon MRS possessing a license from the New York City Department of Consumer Affairs to operate as a "Debt Collection Agency", the principal purpose of MRS is the collection of debts using the instrumentalities of interstate commerce, including mails and telephone; and it regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due to another.

13. On Exhibit A, MRS identifies itself as a "debt collector" attempting to collect an alleged debt. Exhibit A contains disclosures required to be made by a "debt collector" under the FDCPA as part of a communication attempting to collect a 'debt' or in connection with the collection of a "debt".

14. Based upon the allegations in the above two paragraphs, MRS is a "debt collector" as defined by 15 U.S.C. § 1692a(6) of the FDCPA.

## FIRST CAUSE OF ACTION-CLASS CLAIM

15. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

16. Exhibit A is the written notice required under 15 USC § 1692g(a).

17. Exhibit A contains the following statement:

    "The total amount of the debt due as of charge-off     $8,230.70"

18. Upon information and belief, Chase Bank USA N.A. was not accruing interest, late charges, and/or other charges on "The total amount of the debt due as of charge-off" of $8,230.70.

19. If on the date of Exhibit A Chase Bank USA N.A. was not accruing interest, late charges, and/or other charges on "The total amount of the debt due as of charge-off" of $8,230.70 set forth in Exhibit A, then Defendant violated 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of Exhibit A setting forth the statement "The total amount of the debt due as of charge-off $8,230.70" or describing the amount of the debt due as the "amount of the debt due as of charge-off".

## SECOND CAUSE OF ACTION-CLASS CLAIM

20. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

21. In the top right portion of Exhibit A, Exhibit A sets forth an "Account Balance" of $8,230.70.

22. Further down in Exhibit A after the validation notice, Exhibit A also sets forth the following statement:

    "The total amount of the debt due as of charge-off     $8,230.70"

23. Setting forth an "Account Balance" of $8,230.70 in the top right corner of Exhibit A conflicts with the statement set forth in paragraph 21 placed further down in Exhibit A after the validation notice.

24. As a result of the aforementioned conflicting statements and their placement in Exhibit A, these conflicting statements could leave the least sophisticated consumer uncertain as to whether or not the amount of the debt is static; and therefore Exhibit A amounted to a false,

deceptive or misleading means in connection with the collection of a debt in violation of 15 USC § 1692g(a)(1), 15 USC § 1692e, 15 USC § 1692e(2)(A), and 15 USC § 1692e(10).

### THIRD CAUSE OF ACTION-CLASS CLAIM

25. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

26. Upon information and belief, based on a review of Plaintiff's credit report containing a report by Chase Bank USA N.A. regarding the debt which was the subject of Exhibit A, on the date of Exhibit A, Chase Bank USA N.A. had not yet charged-off the account and continued to accrue interest, late charges, and/or other charges on the aforementioned $8,230.70.

27. Exhibit A failed to notify Chiofalo that the aforementioned $8, 230.70 may increase due to the aforementioned accrued interest, late charges, and/or other charges.

28. For the above reason, as a result of the aforementioned omission from Exhibit A, Defendant violated 15 USC § 1692g, 15 USC § 1692e, 15 USC § 1692e(2)(A), and/or 15 USC § 1692e(10) as a result of sending Exhibit A to Chiofalo.

### FOURTH CAUSE OF ACTION-CLASS CLAIM

29. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

30. Upon information and belief, based on a review of Plaintiff's credit report containing a report by Chase Bank USA N.A. regarding the debt which was the subject of Exhibit A and a review of Chiofalo bankruptcy petition, on the date of Exhibit A, Chiofalo did not owe Chase Bank USA N.A. an amount less than the $8,230.70 set forth in Exhibit A.

31. For the above reason, Defendant violated 15 USC § 1692g, 15 USC § 1692e, 15 USC §

1692e(2)(A), and/or 15 USC § 1692e(10) as a result of sending Exhibit A to Chiofalo.

### FIFTH CAUSE OF ACTION-CLASS CLAIM

32. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

33. Exhibit A amounted to a false, deceptive or misleading means in connection with the collection of a debt in violation of 15 USC 1692e, 15 USC 1692e(2)(A), and 15 USC 1692e(10).

### SIXTH CAUSE OF ACTION-CLASS CLAIM

34. Plaintiff repeats and re-alleges the allegations contained in paragraphs 1-14 of this Complaint.

35. MRS violated 15 USC § 1692g(a)(1) by sending Exhibit A to Chiofalo.

### CLASS ALLEGATIONS

36. Plaintiff brings this action on behalf of a class pursuant to Fed. R. Civ. P. 23(a) and (b)(3).

37. The class consist of (a) all natural persons (b) who received a letter from MRS dated between November 5, 2017 and the present (c) to collect a past due consumer debt, (d) in a form materially identical or substantially similar to Exhibit A.

38. The class members are so numerous that joinder is impracticable. On information and belief, there are more than 50 members.

39. There are questions of law and fact common to the class members, which common questions predominate over any questions that affect only individual class members.

40. The predominant common question is whether Defendant's letters violate the FDCPA.

41. Plaintiff will fairly and adequately represent the interests of the class members. Plaintiff has retained counsel experienced in consumer credit and debt collection abuse cases and class actions.

42. A class action is the superior means of adjudicating this dispute.

43. Individual cases are not economically feasible.

**WHEREFORE**, Plaintiff requests the following relief:

1. A Judgment against MRS in favor of Plaintiff and the class members for statutory damages, and costs and attorney's fees; and

2. Any and all other relief deemed just and warranted by this court.

Dated:       May 15, 2019

/s/_____
Mitchell L. Pashkin, Esq. (MLP-9016)
Attorney For Plaintiff
775 Park Avenue, Suite 255
Huntington, NY 11743
(631) 335-1107